# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　　Defendants.　　　　　　/ | CASE NO. 1:12-cv-01990-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>(ECF Nos. 1 and 2) |

　　　　Plaintiff Kirell Taylor, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2012. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

---

[1] Plaintiff also goes by the name of Kirell Francis Bettis and Sadeeq Abdul Al-Haqq. The Court takes judicial notice of case numbers 2:02-cv-05071-UA-CT (C.D. Cal.) Taylor v. United States of America (dismissed on 8/12/02 as frivolous); 3:05-cv-01147-JSW (N.D. Cal.) Bettis v. Walsh (dismissed on 5/18/05 for failure to state a claim); 2:09-cv-00788-UA-CT (C.D. Cal.) Bettis v. Tillie-Moore (dismissed on 2/11/09 as frivolous); 2:09-cv-01544-UA-CT (C.D. Cal.) (dismissed on 4/13/09 as frivolous); 1:09-cv-00949-LJO-SMS (E.D. Cal.) Bettis-Taylor v. Twentieth Century Fox (dismissed on 7/2/09 for failure to state a claim); 1:08-cv-1561-AWI-GSA (E.D. Cal.) Taylor v. Blackstone (dismissed on 9/11/09 for failure to state a claim); 2:10-cv-00682-UA-DUTY (C.D. Cal.) Bettis v. Clinton (dismissed 3/1/10 for failure to state a claim); and 1:10-cv-01892-LJO-JLT (E.D. Cal.) Taylor v. U.S. Department of State (dismissed on 11/3/10 for failure to state a claim).

1

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.[2] <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is denied;
2. All pending motions are terminated; and
3. This action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

Dated:   December 11, 2012

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff brings this suit for violation of his First Amendment right to free speech and alleges retaliation. Plaintiff's claims involve his mail, a publication that he wishes to market, and digital storefronts he wishes to use to distribute his manuscript. In an attempt to establish imminent danger Plaintiff states that he had a mild heart attack on April 17, 2011, and was not given adequate medication until days later. (Compl. 27, ECF No. 1.) Plaintiff alleges that he suffers from "severe dangerous panic attacks, extreme abnormal hypertension if not treated by high blood pressure medication, daily anxiety and back spasms from lack of attending the recreational yard throughout the years in an effort to prevent defendants from intentionally destroying plaintiff's various designs of startup corporations and inventions, among other things." (<u>Id.</u> at 28.) Plaintiff claims that arguing with staff is detrimental to his physical health. (<u>Id.</u>) Neither the lack of medical treatment in 2011, or Plaintiff's speculation that he might suffer a heart attack because of his health risks are sufficient to allege that Plaintiff was in imminent danger at the time that he filed the complaint in this action.